**PRINCIPAL LIFE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**PROLOGIS DEVELOPMENT SERVICES, INC., Defendant–Appellant.**

Nos. 03–5377, 03–5477.

United States Court of Appeals, Sixth Circuit.

May 18, 2004.

R. Gregg Hovious, Tachau, Maddox, Hovious & Dickens, Louisville, KY, for Plaintiff–Appellee.

Barry D. Hunter, Frost, Brown & Todd, Lexington, KY, Jeffrey W. Sarles, Michael P. Rissman, Mayer, Brown, Rowe & Maw, Chicago, IL, for Defendant–Appellant.

Before: RYAN, DAUGHTREY, and CLAY, Circuit Judges.

PER CURIAM.

The plaintiff, Principal Life Insurance Company, was the purchaser of a piece of

---

* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

property owned by the defendant, ProLogis Development Services, Inc., under a purchase and sale agreement that was amended to set up an escrow account in response to the buyer's concerns about past environmental contamination on the property. Under the terms of the agreement, if ProLogis could supply what is referred to in the record as a "no-action letter" from the state department of environmental protection, it would be entitled to the proceeds of the escrow account. Otherwise, the money was to be returned to the buyer.

Specifically, the escrow agreement called for "a letter of non-responsibility with respect to the Contamination, containing no condition or future obligation imposed on any owner of the Property to remediate that Contamination or install monitoring wells or otherwise clean up, test or monitor the Contamination." The strongest statement that the seller was able to wrest from the state agency, however, was that, based on applicable state law, ProLogis was "not responsible for the environmental impacts that occurred to the property [in question] prior to [its] ownership...." When the agency was asked to extend this commitment to exonerate all subsequent owners of liability, the agency declined to "grant such a blanket absolution to any future owner" because, it said, "it is not possible to make a prediction as to the liability of every possible future buyer." The letter indicated that "[i]f the new owner [Principal] has no more reason for liability than ProLogis, then they should have no more concern than ProLogis," but this statement was not sufficient to satisfy the buyer under the terms of the escrow agreement. This action for a declaratory judgment then followed.

The district court held that the "no-action letter" proffered by the seller did not meet the conditions set out in the escrow agreement and entered judgment in favor of the plaintiff, Principal. Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in doing so. Because the reasons why judgment should be entered for the plaintiff have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion entered on May 1, 2002, and its memorandum and order entered on February 7, 2003.